Curia, per BütleR, J.
From my construction of the Act of the Legislature, passed in 1825, the language of which is recited in the report of the Recorder, I have come to the conclusion that it was the design of the Legislature to give jurisdiction to the city court, not only of contracts of insurance, but over the legal parties making such contracts, within the limits of the corporation. At that time, such contracts were made usually by corporate bodies. Indeed, my inquiries have satisfied me that char *516 tered companies were alone in the habit oí becoming underwriters on such policies as that before the court, at the time the Act was passed. If there were any such entered into by persons individually, they were rare exceptions, and could not have been within the contemplation of the Legislature. It is certain that the Act would now be wholly inoperative, if its provisions were to be confined to personal, in contra-distinction to corporate, inhabitants or residents. I readily admit that a corporation cannot be regarded, in any case, as a resident citizen. It has been decided in the United States’ courts that a corporation, as an ens rationis, does not come within the provision of the Constitution respecting “ controversies between citizens of different States.” In some of the earlier decisions, (Strawbridge vs. Curtiss, 3 Cranch, 267; The Bank vs. Deveaux, 5 Cranch, 61,) the courts went very far in holding that a corporation could not be a party, only so far as it was the means of bringing before the court the actual stock-holders; and that their personal residence would control the jurisdiction of the court. These decisions have been very much modified by the case of the Rail Road Company vs. Letson, 2 Howard’s U. S. R. 497. As the representative- of others, a corporation should be always be regarded as the true legal party. Although not a citizen, it may be the representative of citizens. In the case now under consideration, the question is whether a corporation, as a legal party defendant, can have a local residence, or can be a resident, not citizen, within the meaning of the Acts of the Legislature creating and enlarging the jurisdiction of the city court. The language of the Act of 1825 is, “ where the defendant is a resident within the limits of the said corporation.” I take it, that residence is a place of legal abode, in its legislative meaning. A corporation must have some abiding place, of local definiteness. Is there anything out of the way in saying where a bank resides ? We all understand the import of the words, “ where is a bank, or other corporation, situated ?” It is situated where it is in the habit of doing its business. It has been often decided in the English courts, that a corporation may be a local inhabitant. The *517 residence of a corporation must be ascertained, not by the habitation of the stock-holders in interest, but by the official exhibition of legal and local existence. We are not without precedent on this subject. In the Bank vs. McKenzie, 2 Brock. R. 393, a corporation is held to reside where its principal office is. In the' case that I am now considering, the defendant is a party doing business as a corporation, in the city of Charleston. If the individual stock-holders were asked the question, they would at once recognize the distinction between their residences as individuals, and the residence of their corporation. Without hesitation they would answer, that their company resided where it was notoriously doing its corporate business. I can see nothing unreasonable in the court’s conforming to the common, and I may say the received, understanding on the subject. Nor can I see any reason for courts fettering themselves by arbitrary rules of construction, when the meaning of an Act may be reached by carrying out the obvious intention of its authors. Where the intention of an Act is indicated by the state of things existing at the time it was passed, equivocal language should receive such a construction as would subserve the design of the legislature. This company sought employment in the city of Charleston, and it-has all the advantages and protection of city residence; and it is nothing but right that it should be amenable to, or subject, to some extent, to the judicial forum of the city.
This being my judgment, I am in favor of reversing the judgment below.
Richardson, O’Neall, Evans, Wardlaw and Frost, JJ. concurred.